Marlin Diehl suffered an accident arising out of and in the course of his employment in 1933. The injuries resulted in the amputation of both hands and he was paid temporary and total permanent disability, the latter for four hundred weeks. The final payment was made on June 13, 1941. In 1934 he returned to his employment with the respondent and has continuously been employed by it or an affiliate. In December, 1941, he filed a petition in the Workmen's Compensation Bureau at the suggestion of a deputy commissioner thereof. A hearing was held and a determination of facts and order entered which recited the fact of the accident of 1933, that petitioner was paid 100 per cent. total disability, that petitioner has been and is regularly employed and continued: "The petition shall be held in abeyance. The respondent has asked for and is allowed its exceptions to my ruling." The employer appealed therefrom to the Hunterdon County Court which rendered the following decision:
"This matter coming on for hearing on the 5th day of March, 1945, and it appearing, from the Determination of Facts and Order filed by Hon. John C. Wegner, that no final judgment was entered by the aforesaid Deputy Commissioner; and it appearing that the petition for compensation was `held in abeyance' by the said Commissioner;
"It is therefore, ordered, that the said appeal taken by the Respondent to this Court be, and the same hereby is, dismissed.
"Dated: March 31, 1947.
 "Philip R. Gebhardt, "Judge." *Page 177 
At the time the decision was rendered, it would have been reviewable by certiorari, but counsel for the appellant was sent notice of the order of March 31, 1947, on January 17, 1949, which was subsequent to the date when the new rules went into effect. In this situation the appellant filed a notice of appeal to the Appellate Division of the Superior Court from the determination of facts and order of the Workmen's Compensation Bureau and a notice of appeal from the Hunterdon County Court. We pass without discussion the propriety of the procedure and accept the case and pass upon its merits since the appellant has brought the entire record before us and it is ripe for decision. On the argument, the respondent waived any technical objection to the procedure.
R.S. 34:15-51 provides that "Every claimant for compensation * * * shall, unless a settlement is effected or a petition filed under the provisions of section 34:15-50 of this title, file a petition in duplicate with the secretary of the bureau in his office, * * * within two years after the date on which the accident occurred, or in case an agreement for compensation has been made between the employer and the claimant, then within two years after the failure of the employer to make payment pursuant to the terms of said agreement; or in case a part of the compensation has been paid by the employer, then within two years after the last payment of compensation." In the instant case it is conceded that the employer has fulfilled its obligations so far as payment to the respondent is concerned. The petition was not filed because of increased disability, nor could it be since the award was 100% total permanent. The purpose was to forestall the two year limitation of R.S. 34:15-51 if, because of changed circumstances, the employee should need to seek further benefits under the Compensation Act. No authority justifies the action of the Workmen's Compensation Bureau in holding the petition in abeyance. We recognize the praiseworthy motive but it does not lie within the power of the Bureau to delete the statutory time limitation on filing a petition. Such is the effect of holding the petition in abeyance. We concur in the action of the County Court in dismissing the appeal because *Page 178 
there was no final judgment, but we are treating the matter as though it had come up to us by certiorari granted prior to September 15, 1948, because, as stated above, the record is before us and the matter ripe for decision.
The order of the Hunterdon County Court is affirmed and the order of the New Jersey Department of Labor, Workmen's Compensation Bureau, dated October 26, 1944, is set aside, all without costs.