GEORGE CLARK, PETITIONER-RESPONDENT, v. AMERICAN
CAN COMPANY, DEFENDANT-APPELLANT.

Argued April 24, 1950—Decided May 15, 1950.

*Mr. Carl S. Kuebler* argued the cause for the appellant. (*Messrs. Carpenter, Gilmour & Dwyer,* attorneys.)

*Mr. Perry E. Belfatto* argued the cause for the petitioner. (*Messrs. Dunn & Bannon,* attorneys.)

The opinion of the court was delivered by

OLIPHANT, J.  The primary question involved in this appeal is the construction and application of *R. S.* 34:15-12(b) which provides, under certain conditions, for extended compensation payments for those employees who have suffered disability total in character and permanent in quality.  The appeal was taken to the Appellate Division of the Superior Court but has been certified here on our own motion.

By a judgment of the Workmen's Compensation Bureau, dated December 16, 1937, it was determined that the petitioner, while in appellant's employ, was injured in an accident arising out of and in the course of his employment and he was awarded compensation based on 25% of total permanent disability.  Later the petitioner applied for increased disability payments and by a judgment of the Bureau under date of July 3, 1942, he was awarded total permanent disability, or 400 weeks.  That judgment included the following words: "The petitioner shall receive the benefits of *R. S.* 34:15-12 (f)."  Admittedly it was intended to read "12(b)."  Under the last mentioned judgment the final payment, completing the 400 weeks, was made on June 20, 1945.  Petitioner was gainfully employed, though intermittently, from some time in 1943 to January 23, 1948, and when working earned more than he had received from appellant as wages.  The proceeding to obtain

the extended benefits of reparative compensation was instituted more than two years after the final disability compensation payment and resulted in a judgment of the Bureau that petitioner was entitled to such reparative compensation, which award and judgment was affirmed October 21, 1949, by a judgment of the Hudson County Court. It is this last judgment from which this appeal is taken.

Three points are raised by appellant in contending the award is in error: (1) that the employee failed to submit himself for rehabilitation; (2) that since he failed to apply for the extended reparative compensation until more than two years after the last disability payment the claim is barred by the Statute of Limitations, and (3) petitioner rehabilitated himself.

The whole premise on which appellant's first point is based is that on the evidence the petitioner did not submit himself for rehabilitation, in fact he rejected it. The brief of appellant on this point is factually incorrect in several instances and is misleading.

█ The statute, *R. S.* 34:15–12(b) in part provides: "This compensation shall be paid for a period of four hundred weeks, at which time compensation payments shall cease unless the employee shall have submitted to such physical or educational rehabilitation as may have been ordered by the Rehabilitation Commission." If rehabilitation is ordered and there is a rejection of same or a conscious failure to accept the benefits of such attempted rehabilitation, compensation rightfully ceases at the end of the 400-week period. *Lukis v. Armour & Co.,* 125 *N. J. L.* 92 (*Sup. Ct.* 1940); *Petersen v. Foundation Co.,* 128 *N. J. L.* 234 (*Sup. Ct.* 1942).

█ On July 12, 1945, the Medical Board of the Rehabilitation Commission, in an inter-office communication, advised the Bureau that petitioner had a Strumpell-Marie arthritis involving the spine, hips and other joints, that he was 100% disabled but that there was a possibility of rehabilitation and recommended that an attempt be made to rehabilitate him for some type of sedentary work. While emphasis is placed

by appellant on this letter and several others which passed between the Commission and the petitioner the record is devoid of any evidence that petitioner had any notice or knowledge of the letter of July 12th. Taking this and all other communications into consideration we are convinced, as was the Bureau and the County Court, that the petitioner never rejected rehabilitation and further, that no order or direction had ever been made directing him to report for rehabilitation. Not only are these factual conclusions amply supported but there is not a scintilla of evidence to the contrary. We conclude, therefore, that appellant's argument that petitioner is barred from recovery by virtue of having rejected ordered rehabilitation is wholly without merit.

In support of its second point appellant relies upon the provisions of *R. S.* 34:15-27, *R. S.* 34:15-51 and the case of *Diehl v. New Jersey Power & Light Co.*, 4 *N. J. Super.* 175 (*App. Div.* 1949). That case was in the nature of a friendly action in which there had been no formal petition filed, no formal agreement, no formal award or adjudication of compensation made. In 1933 the petitioner lost both hands in an accident and it was conceded that he was 100% disabled and compensation for 400 weeks had been paid, a total of $7,799.88 for temporary and permanent disability, the last payment of which was made June 21, 1941. In the interim the company had given the petitioner a new job which he was able to do at the same salary he had been receiving at the time of the original accident in 1933. Within two years of the last payment of compensation the petitioner filed a petition for reparative compensation under *R. S.* 34:15-12(b) and it stated its purpose was to protect the petitioner in the event "any subsequent developments would prevent me from continuance of my present employment." All the parties agreed that there was no compensation then and there due and owing to the petitioner, but the Bureau refused to dismiss the proceeding and ordered the petition filed and held in abeyance. On appeal the Appellate Division reversed this order and dismissed the petition, holding that the Bureau was

without power to forestall the operation of the two-year limitation as to the future by holding the petition in abeyance. We are in accord with the dismissal of the petition, but not on the ground that the two-year limitation is applicable in such a case. Under the facts then before the Bureau no further compensation could have been awarded at that time and the petition was properly dismissed. In a case such as that the question whether or not payments are to be considered as part of compensation is a question of fact. *Fischbein v. Real Estate Management, Inc.*, 131 *N. J. L.* 495 (*Sup. Ct.* 1944); affirmed, 132 *N. J. L.* 418 (*E. & A.* 1945).

The *Diehl case*, moreover, is not apposite to the situation here presented, for in this case there was a formal adjudication of total permanent disability, for which compensation payments had been made up until 1945, and the petition for reparative compensation was not filed until 1948, clearly beyond any two-year limitation period.

*R. S.* 34:15–12(b) *inter alia* provides:

"This compensation shall be paid for a period of four hundred weeks, at which time compensation payments shall cease unless the employee shall have submitted to such physical or educational rehabilitation as may have been ordered by the rehabilitation commission, and can show that because of such disability it is impossible for him to obtain wages or earnings equal to those earned at the time of the accident * * *. This extension of compensation payments beyond four hundred weeks shall be subject to such periodic reconsiderations and extensions as the case may require, and shall apply only to disability total in character and permanent in quality, * * *."

In *Petersen v. Foundation Co.*, *supra*, and *Lukis v. Armour & Co.*, *supra*, it was held that compensation for total disability under *R. S.* 34:15–12(b) does not cease after the expiration of the 400-week period unless it appears that the injured employee has refused the rehabilitation ordered by the Commission, and the statute itself imposes this one condition. This section of the act imposes a continuing obligation on the employer commensurate with the continuing nature of the employee's injury. To apply the two-year limitation provision of *R. S.* 34:15–51 to *R. S.* 34:15–12(b), when the

Legislature did not specifically make it so applicable, is to deny the totally disabled of rights lawfully due them. Such a construction would violate a clear and definite legislative intent to grant special consideration to them so that they might have every opportunity for rehabilitation in order to become self-sufficient and self-respecting members of society.

The section contemplates that once a petitioner has been adjudicated to be entitled to its benefits or where the compensation payments have been paid by agreement, the totally disabled person remains entitled to them under the continuing supervision of the Bureau. He may only be deprived of them in a proceeding properly initiated under the statute. Such rights cannot be lost to him through any lapse of time.

R. S. 34:15–27 provides that "A formal award may be reviewed within two years from the date when the injured person last received a payment, upon the application of either party on the ground that the incapacity of the injured employee has subsequently increased." In the instant case an increase in compensation for increased disability is not involved and palpably that section of the act does not apply.

Appellant argues that as a statute of limitations has been applied in cases involving the 1% Fund, R. S. 34:15–95, a similar limitation should be applied to the case *sub judice*. *Cf. Ruffin v. State Treasurer, et al.,* 121 N. J. L. 424 (*Sup. Ct.* 1938) and *Tortoriello v. Toohey,* 121 N. J. L. 604 (*Sup. Ct.* 1939).

Two fundamental differences exist between proceedings instituted under the 1% Fund and R. S. 34:15–12(b). In the former the State Commissioner of Labor, who is the custodian of the fund, is the party defendant and is brought into court by an original petition in an original proceeding. In the latter the petitioner, having been declared by determination and judgment to be a proper subject for rehabilitation in the proceedings for workmen's compensation, need do nothing further except submit "to such physical or educational rehabilitation as may have been ordered  *  *  *."

The reason the Legislature provided for two such entirely different proceedings is apparent. In the type of case we are here concerned with the legislative purpose is to make a useful citizen of one injured as the result of one accident while employed by one employer; in the 1% Fund cases the injured workman is 100% disabled from the combined effects of two separate accidents suffered while employed by two separate employers, neither of whom is entirely responsible for the end result or from the combined effects of an accident, not in itself causing permanent total disability, and a pre-existing condition. *Ruffin v. State Treasurer et al., supra.*

The last point argued is that the petitioner is not entitled to the benefits of *R. S.* 34:15-12(b) because he did not seek rehabilitation but was satisfied that he could, and in fact did, rehabilitate himself. This argument is completely without merit. It has already been shown that the petitioner did not refuse any order to submit to rehabilitation and it would indeed be inconsistent to deny him recovery because he tried to do voluntarily that which he would have had to do if ordered. In addition this argument is inconsistent with the respondent's admission that "the petitioner is still 100% disabled as a physical unit." The fact that he was and is able to do certain sedentary work does not mean that he has ceased to be totally disabled or that he has rehabilitated himself. In *Cleland v. Verona Radio, Inc.,* 130 *N. J. L.* 588 *(Sup. Ct.* 1943), Mr. Justice Heher in a case involving this same statutory provision said, "The legislative mind had in contemplation the generally accepted rule that ability for 'light' or intermittent work or labor is not inconsistent with total incapacity."

The judgment of the Hudson County Court is affirmed.

Heher, J., concurring in result.

*For affirmance*—Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT, WACHENFELD and BURLING—6.

*For reversal*—None.