**M & M, INC., Employer-Appellant,**

**v.**

**Norma Jean WADE, Claimant-Appellee.**

Superior Court of Delaware,
New Castle.

Aug. 29, 1972.

Howard M. Berg, Berg, Taylor & Komissaroff, Wilmington, for employer-appellant.

Richard I. G. Jones, Prickett, Ward, Burt & Sanders, Wilmington, for claimant-appellee.

·OPINION

O'HARA, Judge.

At issue in this case is the relationship between Rule 2 of the Industrial Accident Board and 19 Del.C. § 2127(a). More specifically, does Rule 2 conflict with the statutory provision, and if so, how is this conflict to be resolved?

Rule 2 of the Industrial Accident Board reads as follows:

> If a hearing is had before the Industrial Board and an award is made in favor of the injured employee the maximum amount of the statutory attorney's fee will be allowed to the employee and taxed against the employer or his carrier except when the offer of settlement made by the employer or his carrier is equal to the award ordered by the Industrial Accident Board and such offer of settlement has been communicated to the employee's attorney no later than 10 days before the date set for the hearing.

The statutory provision, 19 Del.C. § 2127(a), reads as follows:

> A reasonable attorney's fee in an amount not to exceed 30% of the award or $2250, whichever is smaller, shall be allowed by the Board to any employee awarded compensation under this chapter and Chapter 23, and taxed as costs against a party.

The specific statutory issue is whether the routine award of the maximum attorney's fee as provided by Rule 2 meets the statutory requirement that the fee allowed by the Board be "a reasonable attorney's fee."

M & M, Inc., the employer-appellant contends that Rule 2 conflicts with Section 2127(a) since the routine award of the statutory maximum is not reasonable in all cases and is not reasonable in this case. Employer further contends that this conflict must be resolved in favor of the statute.

Norma Jean Wade, the claimant-appellee, argues that there is no conflict. Claimant contends that since the Board has acted pursuant to its rule-making authority as provided by 19 Del.C. § 2121(a), it has, by the promulgation of this rule, merely elaborated on the meaning of the phrase "a reasonable attorney's fee" as used in Section 2127(a). Claimant further argues that the Board has not necessarily awarded the maximum attorney's fee in this case since the payment of that fee is dependent on the continued existence of a condition of total disability. Should the period of total disability terminate before 30% of the award amounts to $2250, then the maximum attorney's fee would not in fact have been awarded.

The Court concludes that Rule 2 does conflict with Section 2127(a). In essence, the Board has concluded that in all Rule 2 situations an award of the statutory maximum constitutes "a reasonable attorney's fee". Such a blanket conclusion is unjustified since it has the effect of stripping the word "reasonable" of its meaning.

The meaning of the word "reasonable" has been well defined in Stuyvesant Town Corp. et al. v. Impellitteri et al., 202 Misc. 661, 114 N.Y.S.2d 639 (1952), aff'd 281 App.Div. 672, 117 N.Y.S.2d 686, app. den. 281 App.Div. 814, 118 N.Y.S.2d 753, aff'd 306 N.Y. 784, 118 N.E.2d 601. In that case the court stated as follows:

> "The term 'reasonable' is not subject to exactness of definition. It may be said

to mean fitting and proper and characterized by moderation. It is a factual expression not ascertainable by reference to rule, law or formula."

When the Board concludes through the language of Rule 2 that the award of the maximum fee is "reasonable" in all Rule 2 situations it has denied that "reasonable" is a "factual expression not ascertainable by references to rule . . ." Such a denial is in direct conflict with the true meaning of the word "reasonable" as used in Section 2127(a).

■ The Court also concludes that the Board clearly contemplated that the maximum attorney's fee would eventually pass to claimant's attorney. In its award of an attorney's fee the Board adopted the same method of computation as that utilized in Section 2127(a) to indicate the maximum fee allowable by the Board. In addition, there is a complete absence of any qualifying statement made by the Board in its award of attorney's fee which would indicate that the Board intended to limit the fee to something short of the statutory maximum. Taken together, these two observations indicate to the Court that the Board clearly contemplated that claimant's attorney would eventually receive the maximum attorney's fee.

■ As indicated above, there does exist a conflict between Rule 2 and Section 2127(a). This conflict must be resolved in favor of the statutory provision. The rule making authority of the Board under 19 Del.C. § 2121(a) does not empower the Board to enact rules which contravene laws enacted by the Legislature of the State. In order for such a power to exist it must be specifically stated in the rule-making power granted by the Legislature. For example, such a grant of power has been provided for the Superior Court in 10 Del.C. § 561(d). That section provides that in case of a conflict between the Superior Court Rules and any other State statute, the conflict shall be resolved in favor of the Superior Court Rule.

The Industrial Accident Board lacks such a specific statement in its legislatively granted rule-making authority therefore its rules cannot contravene statutory provisions. It is for this reason that Rule 2 of the Industrial Accident Board is as it presently reads void.

■ Furthermore, the Court concludes that transporation expenses incurred as a result of medical appointments do not come within the language or meaning of 19 Del. C. § 2322. Section 2322 does not on its face provide for the payment of transportation expenses. The "services" mentioned in the statute are clearly intended to be hospital services and cannot be construed to include transportation expenses. In addition, 19 Del.C. § 2343(a) specifically provides for the payment of reasonable traveling expenses when more than one medical examination of the employee is either requested by the employer or ordered by the Board. Since the Legislature enumerated transportation expenses in one section of the statute it was obviously aware of that potential expense and saw fit to provide reimbursement only under selected circumstances. Since the circumstances of this case do not meet the requirements of Section 2343(a), the award of the Board as to transportation expenses is reversed.

Finally, the employer has asserted that it had offered to pay the compensation ultimately awarded by the Board. The claimant has denied that assertion.

The resolution of this factual issue is to be determined by the Board on remand. In addition, the Board is to re-examine the facts on remand in order to make an award of attorney's fees in accordance with the conclusion of this Court that Rule 2 as it presently reads is void.

For the reasons herein stated the Court concludes that the decision of the Industrial Accident Board in regards to an award

for attorney's fees and transportation expenses should be reversed and the case remanded to the Board for further hearings in accordance with the Court's opinion.

It is so ordered.