Michael J. BENDER, Claimant-Appellant,

v.

DEFLON ANDERSON CORPORATION, Employer, and Aetna Casualty & Surety Co., Insurer, Appellees.

Civ. A No. 5290, 1971.

Superior Court of Delaware, New Castle.

Nov. 6, 1972.

John M. Bader, Bader, Dorsey & Kresh-tool, Wilmington, for claimant-appellant.

Max S. Bell, Jr., Richards, Layton & Finger, Wilmington, for appellees.

## OPINION

WALSH, Judge.

This appeal from the Industrial Accident Board (hereinafter "the Board") raises the issue of the Board's authority to require an injured employee, receiving total disability benefits, to submit to vocational rehabilitation as a condition of continuing benefits.

The facts are not in serious dispute. The claimant, Michael J. Bender, (hereinafter "the claimant") sustained a serious leg injury on January 18, 1967 when he fell from a scaffold while working as a carpenter for Deflon Anderson Corporation (hereinafter "the employer"). On February 13, 1967 claimant and employer entered into a compensation agreement, which was later approved by the Board, providing total disability benefits pursuant to 19 Del.C. § 2324. On February 11, 1970, the employer filed a petition with the Board seeking to terminate compensation benefits because of claimant's failure to pursue a rehabilitation program. At a legal conference before the Board on May 6, 1970, at which claimant was not present, claimant's then counsel agreed to encourage claimant to engage in rehabilitation. Apparently no effort toward rehabilitation was forthcoming on the part of the claimant and the matter was again before the Board at employer's request on September 13, 1971. At this hearing claimant, who was not represented by counsel, argued that any vocational rehabilitation efforts would be futile and despite the medical recommendation that it should be explored, the claimant contended that the Board should not require the effort. However, at the conclusion of this hearing, the claimant agreed to "accept rehabilitation" and make "a genuine effort in that direction, but it will not pan out". Based on the representation of the claimant the Board entered

its findings and order on October 6, 1971, requiring claimant to "adhere" to its order dated May 13, 1970 and directing claimant "to report to vocational rehabilatation (sic) for evaluation and treatment in order to have compensation reinstated." Apparently, claimant later changed his mind since he filed an appeal to this Court on October 19, 1971.

Claimant argues that the Board does not have authority to make an award conditional upon submission to vocational rehabilitation and, even if such authority existed, the Board failed to determine às˙ a premise to the exercise of such authority that the rehabilitation services were available and would probably be effective in claimant's situation. Employer counters that the Board acted properly in attempting to ameliorate claimant's disability by requiring him to explore the avenue of vocational rehabilitation and claimant's deliberate refusal to permit evaluation for that purpose justified the Board's action in suspending his benefits.

 The right of an employer to require an injured employee to avail himself of reasonable medical treatment as a means of improving or restoring his injury is statutorily established (19 Del.C. § 2353(a)). It is simply a parallel of the employee's right to require that such medical treatment be provided in the first instance at his request (19 Del.C. § 2322). In short, the statutory scheme contemplates the use of all reasonable medical efforts to reduce or eliminate disability.

 In the framework of workmen's compensation, rehabilitation is generally considered to be of two types: physical and vocational. The former is simply an extension of medical treatment and undoubtedly would fall within the purview of existing statutes dealing with the employer's obligation to provide medical services and the employee's duty to accept them. 2 Larson Workmen's Compensation Law, § 61.20, p. 88.262. The second aspect of rehabilitation, i.e. vocational, does not strictly speaking, involve the supplying of medical services but is, instead, a means for retraining an injured employee in an effort to direct his limited physical capability into other useful channels of productivity. While the purpose is laudable, its use in this case is proper only if the Board had the authority to require it as a condition of receiving compensation.

In New Jersey, "educational rehabilitation" is a statutorily established condition for the continuation of total disability benefits beyond a period of 400 weeks. N.J. Stat.Ann. § 34:15–12(b). A proceeding "properly initiated under the statute" is the only method for terminating compensation benefits in the context of rehabilitation. Clark v. American Can Co., 4 N.J. 527, 73 A.2d 342 (1950). In the absence of a legislative declaration it has been held that submission to vocational rehabilitation cannot be a condition of an award and the matter is not one for "judicial adoption". Kalevas v. J. H. Williams & Co., 20 N.Y. 2d 812, 824 N.Y.S.2d 704, 231 N.E.2d 290 (1968).

On July 14, 1972 an amendment to § 2353(a) of Title 19 became effective. It provides:

"Reasonable medical services shall include, if the Board˙so finds, vocational rehabilitation services˷ offered by any public or private agency." (Chapter 529, Volume 58, Laws of Delaware)

 The enactment of the amendment is significant since it evidences the lack of a clearly defined legislative will prior thereto. This Court is required to review the Board's decision on the state of the law as it then existed. I conclude that a legislative void existed prior to July 7, 1972, and the Board lacked the requisite authority to impose the condition at issue in this case. Since the Board lacked authority to impose the condition of rehabilitation when it did, it follows that any termination or suspension of benefits contin-

gent on compliance with that condition was improper. Accordingly, the matter is remanded to the Industrial Accident Board with the direction to reinstate any benefits denied the claimant by reason of the Board's decision of October 6, 1971 but without prejudice to the right of the employer to file a new petition based on current authority.

It is so ordered.