**Alethia G. MOSLEY, Claimant-Appellant below, Appellant,**

v.

**BANK OF DELAWARE, Employer-Appellee below, Appellee.**

Supreme Court of Delaware.

Submitted Oct. 18, 1976.

Decided Feb. 9, 1977.

Oliver V. Suddard, Wilmington, for claimant-appellant below, appellant.

Stephen P. Casarino of Tybout & Redfearn, P.A., Wilmington, for employer-appellee below, appellee.

Before HERRMANN, C. J., DUFFY and McNEILLY, JJ.

HERRMANN, Chief Justice:

In this workmen's compensation case, the only issue is whether travel expenses, neces-

sary for obtaining vocational rehabilitation services tendered under 19 *Del.C.* § 2353,[1] may be recovered by the claimant. On the authority of *M & M, Inc. v. Wade,* Del.Super., 297 A.2d 403 (1972), the Industrial Accident Board found that such expenses were not recoverable; the Superior Court affirmed. We have reached a contrary conclusion and must reverse.

The claimant was totally disabled as a result of an industrial accident. Subsequently, at her employer's request, she undertook vocational rehabilitation at a Center located some distance from her home. Substantial travel expense was required to reach the Center. Reimbursement of such expense was denied on the ground that a statutory authority could not be shown therefor.

 If the right exists, it must be found, explicitly or implicitly stated, within the framework of the Workmen's Compensation Act. *Ruddy v. I. D. Griffith & Co.,* Del.Supr., 237 A.2d 700, 705 (1968). Resolution of the question turns upon the meaning of the phrase "tendered to him by his employer" as used in § 2353. The word "tendered" is neither defined in the Act nor is there an accepted definition in common usage. Thus, the word and the phrase is ambiguous and judicial construction is required to ascertain the legislative intent.

 To this end, it is helpful to read § 2353 and § 2322[2] together. As has been noted, the § 2353 right of an employer to require an injured employee to avail himself of reasonable medical services, including vocational rehabilitation, "is simply a parallel of the employee's right [under § 2322] to require that such medical treatment be provided in the first instance at his request". *Bender v. Deflon Anderson Corp.,* Del.Super., 298 A.2d 346, 348 (1972). As "parallel sections" of the Act relating to medical services, a common legislative purpose has been ascribed them; namely, (1) to assure adequate medical assistance to the employee, and (2) to protect the employer against unreasonable charges and fraudulent claims by providing for forfeiture of the right to compensation as the price of refusal of the medical assistance offered. See *GMC v. Socorso,* Del.Super., 9 Terry 418, 105 A.2d 641 (1954); *McCormick Transportation Co. v. Barone,* Del.Super., 8 Terry 202, 89 A.2d 160 (1952). In the light of this dual legislative purpose, it is reasonable to assume that the General Assembly intended that medical service, including vocation rehabilitation, is "tendered" within the meaning of § 2353 when, if needed, reasonable means or funds are provided by the employer to bring the employee and the service together.

 In this statutory construction problem, we are aided by the well-settled principle that, having regard for its intended benevolent purpose, the Delaware Workmen's Compensation Act is to be liberally construed. *Zallea Brothers v. Cooper,* Del.

1. This case is controlled by the provisions of 19 *Del.C.* § 2353(a) prior to its 1975 amendment:

"(a) If the employee refuses reasonable surgical, medical and hospital services, medicines and supplies tendered to him by his employer, he shall forfeit all right to compensation for any injury or any increase in his incapacity shown to have resulted from such refusal. Reasonable medical services shall include, if the Board so finds, vocational rehabilitation services offered by any public or private agency."

In 1975, § 2353(a) was amended by adding the following paragraph:

"Where rehabilitation services require residence at or near the public or or [sic] private agency away from the employee's customary residence, reasonable costs of his board, lodging and travel shall be paid for by the employer. Refusal to accept rehabilitation services pursuant to order of the Board shall result in a loss of compensation for each week of the period of refusal."

2. 19 *Del.C.* § 2322(a) provides:

"(a) During the period of disability the employer shall furnish reasonable surgical, medical, dental, optometric, chiropractic and hospital services, medicine and supplies, including repairing damage to or replacing false dentures, false eyes or eye glasses, as and when needed, unless the employee refuses to allow them to be furnished by the employer."

Super., 166 A.2d 723, 726 (1960). Under the Statute, failure to take the offered treatment may result in forfeiture of the right to compensation; therefore, reason and fairness require that the employer assure the means of bringing the employee to the service. Otherwise, the tender offer would often be meaningless, and forfeiture of compensation would be the grossly unjust result of financial inability to travel to the place of the service.

We conclude, therefore, that implicit in the first paragraph of § 2353(a) is the requirement that the employer pay such travel expenses as the Board, in its discretion, finds necessary for the employee to incur in order to avail herself of the vocational rehabilitation services "tendered" by the employer under the Statute.

To the extent that *M & M, Inc. v. Wade, supra,* may be inconsistent herewith, it is overruled.

Reversed.