PER CURIAM.
This cause is before us on appeal from a final order of the deputy commissioner, allowing the injured employee travel costs to a rehabilitation program under Section 440.49(1), Florida Statutes (1981). We affirm.
The claimant’s left ankle and foot were injured in a compensable accident, entitling the claimant to temporary total disability benefits. The claimant was also approved for a work evaluation at a vocational rehabilitation center. The employer/carrier, however, refused to authorize a rate of 20 miles per day, 20 cents per mile for the claimant’s travel to and from the rehabilitation center for the six-day evaluation.
Appellants argue that the Act does not expressly require the employer/carrier to pay for a claimant’s travel expenses to a rehabilitation program; that travel expenses are specifically allowed only for visits to the doctor’s office, Section 440.18, and for visits to a rehabilitation program when the claimant is required to live away from home to attend. Section 440.49(1)(d). Appellants argue the express allowance of travel costs in these two specific instances dictates the exclusion of travel allowances in instances not mentioned, i.e., instances where travel to a rehabilitation program does not require temporary relocation. However, the deputy commissioner properly rejected this narrow construction and interpreted the 1979 amendments to the Act to place greater responsibility on the employer/carrier for employee rehabilitation, holding:
The Workers’ Compensation Act, as amended in 1979 placed a further and greater degree of emphasis and responsibility on the employer/carriers in the State to take more active and affirmative steps toward pursuing a definitive rehabilitation program. Prior to August 1, *1328 1979, the cost of that program was borne by the State with the liability having been shifted to the employer/carrier subsequent to the August 1, 1979 Amendment. The rehabilitation nurses with the State prior to August 1, 1979, upon writing an Individualized Written Rehabilitation Plan for an employee were subject to the funding availability through the State. Therefore, where fundings were not available for transportation, the Rehabilitation Nurses would then endeavor to prevail upon the employer/carriers to provide rehabilitation transportation expenses. The initial liability for the payment of costs incident to rehabilitation were effectively shifted from the State to the employer/carrier by virtue of the enactment and amendment to Chapter 440 in 1979....
... It is the finding of your undersigned that a part of the expense incident to a rehabilitation program is the expense incident to the employee-claimant transporting himself to and from his residence to the situs where the rehabilitation provider is affording the specific benefits as are outlined in section 440.49. A ruling to the contrary would result in a rather absurd situation wherein the employee-claimant could be accepted for a designated rehabilitation plan and/or work evaluation and not have the funds with which to transport himself to and from that evaluation.
The pre-1979 statute placed the entire burden of providing rehabilitation on the Division of Workers’ Compensation, Section 440.49, Florida Statutes (1978), while the 1979 amendments shifted this burden to the employer/carrier.
The Delaware Supreme Court in Mosley v. Bank of Delaware, 372 A.2d 178, 180 (Del.1977), construing its workers’ compensation statute, which did not expressly provide for transportation, held that the employer/carrier were obligated to provide claimants with travel expenses to a rehabilitation program, as follows:
[The] failure to take the offered treatment may result in forfeiture of the right of compensation; therefore, reason and fairness require that the employer assure the means of bringing the employee to the service. Otherwise, the tender offer [of rehabilitation benefits] would often be meaningless, and forfeiture of compensation would be the grossly unjust result of financial inability to travel to the place of the service.
Similarly, in Florida, an employee’s inability to travel to a rehabilitation program may result in a 50-percent reduction in the claimant’s weekly compensation. Section 440.49(1)(d), Florida Statutes.
Accordingly, the order of the deputy is affirmed.
ROBERT P. SMITH, Jr., and BOOTH and WIGGINTON, JJ., concur.