**UNITED STATES of America, Appellee,**

v.

**William Henry KENNEY, Jr., Appellant.**

**No. 73-2147.**

United States Court of Appeals,
Fourth Circuit.

Submitted May 29, 1974.

Decided July 16, 1974.

Brian P. Gettings, U. S. Atty., and K. Gregory Haynes, Asst. U. S. Atty., on brief for appellee.

Jerome A. Lowe, Arlington, Va., on brief for appellant.

Before CRAVEN, BUTZNER and RUSSELL, Circuit Judges.

PER CURIAM:

William Henry Kenney, Jr. appeals from the judgment entered upon his conviction for distributing heroin in violation of 21 U.S.C. § 841(a)(1).

Kenney contends that he was denied a fair trial by (1) the government's failure to call as a witness an informer who was present at the narcotics transaction and the district court's refusal to give a missing witness instruction, and (2) certain comments and instructions made by the court.

John E. Price, an undercover agent with the Bureau of Narcotics and Dangerous Drugs, testified that he purchased nine packets of heroin from Norman Richardson, Kenney's codefendant, on January 18, 1973. Price testified that he saw Kenney hand Richardson a pink tissue or napkin from which Richardson took the tinfoil packages that he sold Price. During the transaction an informant named Charles Ward was talking to Kenney.

Kenney admitted being with Richardson on the day in question and remembered talking with Ward while Richardson spoke with another man inside a car, but he denied giving any drugs to Richardson. Instead he testified that he gave Richardson only a dollar and a cigarette.

Kenney argues that the government should have called Charles Ward as a witness because he could have resolved the conflict between Price's allegation and Kenney's denial.

Kenney's reliance on Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), is misplaced. In that case the government withheld from the defense the identity of a government informant. Here Kenney knew the name of the informant and the neighborhood where he resided. The record does not support the assertion that the government kept Ward hidden from the defense prior to trial, and defense counsel filed no motions seeking to have Ward made available for a pretrial interview.

Because Kenney has failed to show that Ward was not as available to the defense as he was to the prosecution, the government was not required to produce Ward at trial and Kenney was not entitled to a missing witness instruction. United States v. Chase, 372 F.2d 453 (4th Cir.), cert. denied, 387 U.S. 907, 87 S.Ct. 1688, 18 L.Ed.2d 626 (1967); accord, United States v. Higginbotham, 451 F.2d 1283, 1286 (8th Cir. 1971).

Kenney's second claim is also without merit. We find no error in any of the challenged comments and instructions. The court accurately observed that the jury's verdict would turn on a credibility determination, and the entrapment instruction was correct under United States v. Russell, 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973).

Affirmed.