Terry WHEATLEY, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

Supreme Court of Delaware.

Submitted: May 26, 1983.

Decided: Sept. 8, 1983.

Karl Haller, Asst. Public Defender, Georgetown, for appellant.

Gary A. Myers, Deputy Atty. Gen., Georgetown, for appellee.

Before HERRMANN, C.J., McNEILLY and HORSEY, JJ.

HERRMANN, Chief Justice:

The defendant, Terry Wheatley, appeals his conviction of two counts of delivering cocaine. 16 *Del.C.* §§ 4716, 4751(b). He contends that the Trial Court committed reversible error (1) in refusing his request for a missing-witness instruction; and (2) in denying his motion for a mistrial based upon alleged prosecutorial misconduct.

I.

At trial, during his opening statement, the prosecutor informed the jury that cocaine was sold by the defendant on three occasions, to a "reliable, confidential, in-

former." The informer was not called as a witness by the State, nor subpoenaed by the defendant. Upon the contention that the informer was known to the State but not to the defendant, the following jury instruction was requested by the defendant:

"If there is a witness that is only known to the State, that witness having material knowledge of the case, that witness if not called or subpoenaed by the State is said to be a missing witness. You are to presume that the testimony of any missing witness would be unfavorable to the side that did not call the missing witness; that is the State."

The Trial Court declined to give the instruction.

The defendant appeals on that ground, relying upon broad general rules on typical missing-witness instructions; e.g., 1 *Wharton's Criminal Evidence,* § 148, p. 249 (13th ed. 1972); 29 *Am.Jur.,* 2d. Evidence, § 180, p. 224–5; 31A *C.J.S.,* Evidence, § 156(1), p. 397.

■ The State contends that a missing-witness instruction, such as was sought here, violates *Del. Const.,* Art. IV, § 19[1] because it amounts to an impermissible comment on the evidence, citing *Boyer v. State,* Del.Supr., 436 A.2d 1118, 1124 (1981). The defendant takes issue with that contention, seeking to distinguish *Boyer* on its facts; but, under the cardinal rule that constitutional questions will not be decided unless essential to the disposition of the case, we do not reach the constitutional question (including the applicability and viability of *Boyer*), since, as the State contends, the requested instruction was clearly impermissible under well-established non-constitutional concepts:

■ A missing-witness inference is permissible only where it would be "natural" for the party to produce the witness if his testimony would be favorable. The principle is stated in *United States v. Tucker,* (7 Cir.), 552 F.2d 202, 210 (1977), as follows:

"... Like all sound inferences, the missing witness inference is rooted in notions of common sense, specifically that where a party fails to call an available witness with important and relevant knowledge, it may be that he has something to fear in the witness' testimony. The strength of the inference will, of course, vary with the facts of each case, depending on how natural it would be for the party to have called the witness but for some apprehension over his testimony...."

The concept is stated in Wigmore *Evidence on Trials at Common Law* § 286 at p. 199 (Chadbourn rev. 1979), as follows:

"[i]t is plain that the inference is based, not on the bare fact that a particular person is not produced as a witness, but on his non-production when it would be natural for him to produce the witness if the facts known by him had been favorable."

■ In the instant case, the non-production of the informant by the State was a product not of the nature of his testimony but rather the status of his position. It would not be "natural" for the State to call the informant upon the facts and circumstances of this case. The identity of an informant is privileged under Delaware Uniform Rule of Evidence 509.[2] The de-

---

**1.** *Del. Const.,* Art. IV, § 19 provides:

"Section 19. Judges shall not charge juries with respect to matters of fact, but may state the questions of fact in issue and declare the law."

**2.** D.R.E. 509 provides:

"RULE 509. IDENTITY OF INFORMER.

"(a) Rule of Privilege. The United States or a state or subdivision thereof has a privilege to refuse to disclose the identity of a person who has furnished information relating to or assisting in an investigation of a possible violation of a law to a law-enforcement officer or member of a legislative committee or its staff conducting an investigation.

"(b) Who May Claim. The privilege may be claimed by an appropriate representative of the public entity to which the information was furnished.

fendant made no effort to utilize the discovery provisions of D.R.E. 509 in order to learn the identity of the informant.

The basis of the privilege has been well stated as follows:

". . . Whether an informer is motivated by good citizenship, promise of leniency or prospect of pecuniary reward, he will usually condition his cooperation on an assurance of anonymity—to protect himself and his family from harm, to preclude adverse social reactions and to avoid the risk of defamation or malicious prosecution actions against him. The government also has an interest in nondisclosure of the identity of its informers. Law enforcement officers often depend upon professional informers to furnish them with a flow of information about criminal activities. Revelation of the dual role played by such persons ends their usefulness to the government and discourages others from entering into a like relationship."

8 *Wigmore* (McNaughton rev. 1961) § 2374, at 761–762. See also *State v. Flowers*, Del. Super., 316 A.2d 564 (1973).

"(c) Exceptions.

"(1) Voluntary Disclosure; Informer A Witness. No privilege exists under this rule if the identity of the informer or his interest in the subject matter of his communication has been disclosed to those who would have cause to resent the communication by a holder of the privilege or by the informer's own action, or if the informer appears as a witness for the government.

"(2) Testimony On Relevant Issue. If it appears in a criminal case that an informer may be able to give testimony which would materially aid the defense, or in a civil case which would be relevant to a fair determination of a material issue on the merits of a case in which a public entity is a party, and the informed public entity invokes the privilege, the court shall give the public entity an opportunity to show in camera facts relevant to determining whether the informer can, in fact, supply that testimony. The showing will ordinarily be in the form of affidavits, but the court may direct that testimony be taken if it finds that the matter cannot be

The policy considerations, implicit in the informant's privilege, justified the failure of the State to produce the informant as a witness in this case. The defendant, having failed to take advantage of the discovery process available under D.R.E. 509, has failed to show any reason sufficient to overcome the policy considerations here involved. Compare *United States v. Busic*, 3 Cir. 587 F.2d 577, 586–7 (1978). For that reason, the requested missing-witness instruction was inappropriate. It follows that there was no error in the Trial Court's denial of the requested instruction. "The important thing is the availability of discovery. If it is not employed, the party ought not be allowed to resort to the necessarily somewhat speculative inference when discovery would substitute certainty." *McCormick's Handbook of the Law of Evidence*, § 272, p. 675 (2nd ed., 1972); see also *United States v. Kenny*, (4 Cir.), 500 F.2d 39 (1974).

## II.

The defendant also claims reversible error in the Trial Court's denial of his mo-

resolved satisfactorily upon affidavit. If the court finds there is a reasonable probability that the informer can give the testimony, and the public entity elects not to disclose his identity, in criminal cases the court on motion of the defendant or on its own motion shall grant appropriate relief, which may include 1 or more of the following: Requiring the prosecuting attorney to comply, granting the defendant additional time or a continuance, relieving the defendant from making disclosures otherwise required of him, prohibiting the prosecuting attorney from introducing specified evidence, and dismissing charges. In civil cases, the court may make any order the interests of justice require. Evidence submitted to the court shall be sealed and preserved to be made available to the appellate court in the event of an appeal, and the contents shall not otherwise be revealed without consent of the informed public entity. All counsel and parties are permitted to be present at every stage of proceedings under this subdivision except a showing in camera at which no counsel or party shall have the right to be present."

tion for mistrial, based upon the ground that the prosecutor made improper and prejudicial comments during his opening statement to the effect: (1) that there were three drug transactions during the evening in question, whereas the defendant was indicted for only two; and (2) that the defendant had an altercation with a co-defendant tried separately—hearsay at best. On the record before us, we find no abuse of discretion in the denial of the motion for mistrial. D.R.E. Rule 404(b).[3]

\* \* \*

Affirmed.

---

3. D.R.E. Rule 404(b) provides in pertinent part:

"RULE 404. CHARACTER EVIDENCE NOT ADMISSIBLE TO PROVE CONDUCT; EXCEPTIONS; OTHER CRIMES.

"(b) Other Crimes, Wrongs or Acts. Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident."