841 F.2d 1123
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Joseph COCHRANE, a/k/a Robert Joseph Cochran, a/k/a
"Bubba", Defendant- Appellant.
 No. 87-5570.
 United States Court of Appeals, Fourth Circuit.
 Argued: Nov. 6, 1987.
Decided: Feb. 29, 1988.
 
 R. Keith Neely for appellant.
 Amelia Stuart Salzman, Special Assistant United States Attorney (Henry E. Hudson, United States Attorney, on brief), for appellee.
 Before WIDENER, SPROUSE and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Robert Joseph Cochrane appeals his narcotics related convictions,[1] assigning error to several rulings made by the district court during the course of the trial. Finding no merit in the assignments of error, we affirm.
 
 
 2
 We begin with Cochrane's contention that the district court improperly refused an absent witness jury instruction. He concedes that the uncalled witnesses were readily available to him; the record shows no attempt to hide them; therefore the trial court's refusal to instruct the jury concerning their absence was not an abuse of discretion. See United States v. Kenney, 500 F.2d 39 (4th Cir.1974).
 
 
 3
 We are also urged to find error in the district court's refusal to allow the testimony of one character witness, and the exclusion of documents evincing the convictions and plea arrangements of witnesses not called to testify. The record establishes that Cochrane presented three witnesses that testified to his good reputation. The exclusion of the fourth, even if not within the court's discretion, was not reversible error. See 28 U.S.C. Sec. 2111; F.R.Cr.P. 52(a). The record similarly reflects that the exclusion of the documents of conviction and plea arrangements, evidence of which was already before the jury, was at the best for Cochrane an allowable exercise of discretion. In any event, since such documents were not in furtherance of the conspiracy, so far as a statement of any party to the documents is concerned, that evidence was inadmissible hearsay.
 
 
 4
 Cochrane complains that statements of other conspirators made in furtherance of the conspiracy while Cochrane was with them are inadmissible as hearsay. We do not agree. The fact that Cochrane was present and not protesting is evidence which the jury was entitled to consider as to whether or not Cochrane was a part of the conspiracy.
 
 
 5
 Cochrane also complains that the district court improperly excluded evidence of his then present state of mind, relevant to his motive in making two trips to Florida, trips which the government contends were made for illegal purposes. Cochrane asserts that the trial court erred in excluding the testimony of his brother and that of a friend, Mark Skinner, to the effect that he reacted angrily when questioned about the trips upon his return from Florida. The district court admitted evidence of Cochrane's angry reaction immediately upon return from the first trip, but excluded evidence of Cochrane's expressed anger a day or more later after his return on each occasion because of lack of spontaneity due to lapse of time. We are of opinion the district court did not abuse its discretion in excluding such testimony.
 
 The judgment of conviction is accordingly
 
 6
 AFFIRMED.
 
 
 
 [1]
 Cochrane was convicted of conspiring to distribute cocaine and to possess cocaine with intent to distribute, in violation of 21 U.S.C. Sec. 846, and of interstate travel with intent to distribute cocaine, in violation of 18 U.S.C. Sec. 1952