John KEELER, Appellant/Claimant
Below, Appellant,

v.

METAL MASTERS FOODSERVICE
EQUIPMENT CO., INC., Appel-
lee/Employer Below, Appellee.

No. 11, 1998.

Supreme Court of Delaware.

Submitted: June 9, 1998.
Decided: July 15, 1998.

John J. Schmittinger and Walt F. Schmit-
tinger (argued), Schmittinger and Rodriguez,
P.A., Dover, for Appellant.

Todd M. Finchler, Tybout, Redfearn &
Pell, Wilmington, for Appellee.

Phillip E. Herrmann, Edward B. Carter,
Jr., and Christopher J. Curtin, Chair, DTLA
Amicus Curiae, Amicus Curiae for Delaware
Trial Lawyers Association.

Nancy E. Chrissinger, Chrissinger & Baumberger, Wilmington, Amicus Curiae for Liberty Mutual Insurance.

Before VEASEY, C.J., WALSH, HOLLAND, and BERGER, JJ., and LAMB, Vice Chancellor,* constituting the Court en Banc.

PER CURIAM:

In this appeal from the Superior Court, we are asked to determine whether the displaced worker doctrine, as it has evolved under Delaware decisional law, is compatible with the strictures of State and federal legislation ·protecting the handicapped and disabled. Because we conclude that the Appellant–Claimant failed to present substantial evidence to the Industrial Accident Board (the "Board") to support a good faith job search, we do not reach the constitutional issues posed and we affirm the decision of the Superior Court.

**I.**

The Appellant–Claimant, John Keeler ("Keeler"), sustained lower back injuries while in the employ of the Appellee–Employer, Metal Masters Foodservice Equipment Company, Inc. ("Metal Masters"), on August 15, 1995. He was released to return to work, without medical restriction, on September 6, 1995, but was discharged from Metal Masters on September 7, 1995 for alleged absenteeism. The day following his discharge, Keeler filed an initial injury report relating to the August 15 injury and approximately a week later filed a petition with the Board seeking total disability benefits. Metal Masters disputed causation and, in addition, claimed that Keeler had not pursued a reasonable job search under the displaced worker doctrine.

Following a hearing, the Board granted Keeler total disability benefits dating from August 21 to September 6, 1995 but determined that he was able to work with restrictions thereafter. The Board also found that Keeler had been fired from Metal Masters

due to excessive absenteeism. In general, the Board adopted the medical evaluation of the Metal Masters' expert. The Board rejected Keeler's look-for-work-effort, finding that he had not made a reasonable job search.

Keeler then appealed to the Superior Court, which affirmed the Board's decision on all grounds except for the failure to award certain expert witness fees. This appeal followed.

**II.**

■ This Court, replicating the role of the Superior Court, reviews *de novo* legal issues decided by the Board and reviews factual findings to determine whether they are supported by substantial evidence. *Oceanport Indus., Inc. v. Wilmington Stevedores, Inc.,* Del.Supr., 636 A.2d 892, 899 (1994). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

**III.**

■ A displaced worker is one who, while not completely incapacitated, is so handicapped by the compensable injury that he or she will no longer be employed regularly in any well-known branch of the labor market and will require a specially created job to be steadily employed. *Ham v. Chrysler Corp.,* Del.Supr., 231 A.2d 258, 261 (1967). The burden of proof under the displaced worker doctrine requires an employee-claimant who is not *prima facie* displaced to produce evidence that he or she has sought suitable employment yet has been denied such employment due to restrictions attributable to the injury. *Franklin Fabricators v. Irwin,* Del.Supr., 306 A.2d 734, 737 (1973). If an injured employee, while conducting a reasonable job search, notifies prospective employers about the injury and is denied employment, an inference arises that such denial was a result of the injury. *Schmitt v. Cecil Vault,* Del.Super., C.A. No. 82A–NO–

* Appointed pursuant to Art. IV, § 12 of the Delaware Constitution and Supreme Court Rules 2

and 4.

12, Bifferato, J. (Aug. 7, 1983)(Ltr. Op. at 3–4).[1]

Keeler's basic contention is that the burden of proof placed on the claimant under the displaced worker doctrine should be removed because its application is inconsistent with the American with Disabilities Act, 42 U.S.C. § 1201 *et seq.* (the "ADA"), and the Delaware Handicapped Persons Employment Protection Act, 19 *Del. C.* § 720 *et seq.* (the "State Act"). Keeler argues that application of the displaced worker doctrine violates his substantive due process rights because the ADA and the State Act prohibit prospective employers from inquiring about a disability and refusing to hire on the basis of the disability. Disclosure of his injury in the hiring process, the argument runs, forces him to waive his rights under both acts. He asserts further violation of his substantive due process rights because placement of the burden of proof upon him is unreasonable, arbitrary and capricious in that it does not relate to his continued right to receive workers compensation benefits.

### IV.

 Although Keeler poses an interesting theoretical question with constitutional implications, we are unable to decide it here. The Board found that, because Keeler had not conducted a reasonable job search, he had failed to meet his burden under *Franklin Fabricators.* After hearing the testimony of a vocational rehabilitation expert who opined that Keeler could easily find work, the Board viewed Keeler's look-for-work-effort as "a manufactured exhibit for litigation." As a matter of credibility, it concluded, that Keeler's testimony "does not support a finding that he has attempted a sincere and reasonable job search." Credibility determinations, if based on relevant disputes of fact, will not be disturbed on appeal. *Breeding v. Contractors–One–Inc.,* Del.Supr., 549 A.2d 1102, 1106 (1988) *(citing Johnson v. Chrysler Corp.,* Del.Supr., 213 A.2d 64, 66 (1965)). *Cf. Lemmon v. Northwood Constr.,* Del.Supr., 690 A.2d 912 (1996). We conclude, as did the

Superior Court, that there is substantial evidence to support the Board's finding that Keeler failed to conduct a reasonable search for suitable employment.

 This Court will refrain from deciding constitutional questions unless a decision can be reached on no other ground. *Carper v. Stiftel,* Del.Supr., 384 A.2d 2, 7–8 (1977); *Collison v. State ex rel. Green,* Del.Supr., 2 A.2d 97, 108 (1938). *Accord Wheatley v. State,* Del.Supr., 465 A.2d 1110, 1111 (1983) (citing the "cardinal rule that constitutional questions will not be decided unless essential to the disposition of the case.") The Board's finding that Keeler did not engage in a bona fide job search deprives him of the necessary factual predicate for his legal claim. Accordingly, we expressly decline to rule upon, and leave to another day, the question of whether, and to what extent, the ADA and the State Act may impact upon the rights of a displaced worker who undertakes a reasonable job search. *See State ex rel. Davis v. Woolley,* Del.Supr., 97 A.2d 239, 241–42 (1953).

The judgment of the Superior Court is AFFIRMED.

---

1. A thorough examination of the development of the displaced worker doctrine may be found at Harvey B. Rubenstein, *The Case for Abolishing*

*the Delaware "Odd–Lot" Rule,* 1 **Del. L.Rev.** 123 (1998).