James SCHEERS, Claimant
Below–Appellant,

v.

INDEPENDENT NEWSPAPERS
Employer Below–Appellee.

No. 199,2003.

Supreme Court of Delaware.

Submitted: Aug. 12, 2003.
Decided: Sept. 16, 2003.

Walt F. Schmittinger, of Schmittinger and Rodriguez, P.A., Dover, DE, for Appellant.

Anthony M. Frabizzio and Cheryl A. Ward, of Heckler & Frabizzio, Wilmington, DE, for Appellee.

Before HOLLAND, BERGER, and JACOBS, Justices.

JACOBS, Justice:

James Scheers, an employee of Independent Newspapers, Inc. ("Employer"), appeals from an order of the Superior Court upholding certain determinations of the Industrial Accident Board ("Board"). Two issues are presented on this appeal: (1) whether the Board correctly determined that Scheers was entitled to partial, but not total, disability compensation benefits; and (2) whether the Board correctly awarded Scheers only one attorney's fee rather than two. On the first issue, which concerns the award of partial disability benefits, we affirm the judgment of the Superior Court. On the second issue, which concerns the award of attorney's fees, we remand to the Superior Court for a finding by the Board of predicate facts that are essential for proper appellate review and determination of that issue.

## I. FACTS

At the time of the events in question, Scheers had worked for Independent News for about thirty years, during which time he held several different positions. In August, 1995, while performing duties within the course and scope of his employment, Scheers was lifting a photocopier and immediately afterwards felt pain around the belt line and down his legs. Since that incident Scheers has been unable, and has not returned, to work. From 1995 until 2003, Scheers received 40% total disability benefits for an impairment of his lumbar spine, and 2½% total impairment benefits for each of his lower extremities. Scheers' injuries required three separate back surgeries. In December, 2000, while undergoing physical therapy for his back, Scheers experienced pain in his right knee which ultimately resulted in his undergoing right knee surgery, and for which Scheers incurred $9,056.64 in outstanding medical bills that remained unpaid. It is undisputed that Scheers continues to be disabled, although the extent of his disability is disputed.[1]

On October 26, 2001, the Employer filed a Petition for Review of Compensation seeking to terminate Scheers' total disability payments. On December 5, 2001,

---

1. At the hearing on the Employer's Petition For Review of Compensation held in March 2002, Scheers testified that he currently experiences severe pain in the coccyx area, he cannot play with his nine year old daughter except for short periods, he can walk only a couple of blocks, he sweats profusely from his medication, and he can sit without pain for only 30 minutes. Although his pain medication was reduced to 30% of its original level, Scheers continues to suffer from hallucinations, depression and insufficient sleep, and has gained over 100 pounds.

Scheers filed a Petition for Additional Compensation Due, seeking (among other things) payment of his outstanding medical expenses. A hearing on both petitions was held before the Board on March 25, 2002. Based upon the uncontradicted medical testimony, the Board found that Scheers was able to work in some capacity, and that he was capable of sedentary work beginning February 27, 2002 when his treating physician, Irene Mavrakakis, M.D., released him to sedentary work.

Specifically, the Board found that based on his age, physical limitations, education, medical capacity, and training, Scheers was not a *prima facie* displaced worker. The Board's reasoning was based on the following facts: Scheers was only fifty-five years old, had transferable skills from his years of experience with Independent Newspapers, had a high school degree, was qualified for entry-level positions, and was capable of working in a sedentary position where he can sit down and move around when necessary.[2] Because Scheers was not a *prima facie* displaced worker, he had the burden to prove that he had made a reasonable effort to locate employment, but because of his disability was unable to do so.[3] The Board found that Scheers had not met that burden, and that Scheers' efforts to locate employment were insufficient.[4] Accordingly, the Board concluded that Scheers was not totally disabled.

The Board did find, however, that Scheers was partially disabled because his medical condition restricted him to sedentary duty jobs. The Board also found that

Scheers would suffer a loss of earning capacity of $744 per week for the first six months, and thereafter, a loss of earning capacity of $577 per week. The Board awarded Scheers partial disability compensation consistent with those findings. The Board also found that Scheers' knee injury and the cost of his knee surgery were related to his original industrial injury, and granted his Petition for Additional Compensation, awarding him $9,056.63 for outstanding medical bills incurred for his surgery and other treatment. The Board also awarded Scheers medical witness fees and an attorney's fee of $7,036.50. The Superior Court affirmed those determinations.[5]

## II. THE APPELLANT'S CLAIMS OF ERROR

As noted, Scheers advances two claims on this appeal. The first is that the Superior Court erred in upholding the Board's determination that Scheers was not totally disabled. The second is that the Superior Court erred in upholding the Board's award of only one attorney's fee (based on the partial disability award), because the Board was legally required to award an additional fee based on the separate award of medical expenses.

 This Court, replicating the role of the Superior Court, reviews *de novo* legal issues decided by the Board, and reviews factual findings to determine whether they are supported by substantial evidence.[6] Substantial evidence means such relevant evidence as a reasonable

---

**2.** *James Scheers v. Independent Newspapers, Inc.,* I.A.B. Hearing No: 1063573 (April 8, 2002) ("Board Decision") at 10–11.

**3.** *Wade Insulation, Inc. v. Visnovsky,* 773 A.2d 379 (Del.2001).

**4.** Board Decision at 11.

**5.** *Scheers v. Independent Newspapers, Inc.,* 2003 WL 1888842, 2003 Del.Super. Lexis 127 (Del.Super.Ct.2003).

**6.** *Keeler v. Metal Masters Foodservice Equip. Co.,* 712 A.2d 1004 (Del.1998), *citing Oceanport Indus., Inc. v. Wilmington Stevedores, Inc.,* 636 A.2d 892 (Del.1994).

mind might accept as adequate to support a conclusion.[7] The appellate court does not weigh evidence, resolve questions of credibility, or make its own factual findings.[8]

### A. Scheers' Claim That The Board Improperly Found That He Was Not Totally Disabled

Scheers contends that in finding that he was not totally disabled, the Board erred, as did the Superior Court in upholding that finding. The sole basis for this claim is that the Board disregarded the testimony of David Nixon, M.D., a psychiatrist. Dr. Nixon's testimony was that, in his opinion, Scheers was unable to engage in gainful employment because of his depression and pain, even though Scheers' depression had improved since he began taking his new medication. The issue is whether the Board's finding that Scheers was not totally disabled is supported by substantial evidence.[9]

The difficulty with Scheers' argument is that (1) the Board did, in fact, consider Dr. Nixon's testimony,[10] and (2) that testimony supports the Board's conclusion that Scheers was not totally disabled. On cross examination, Dr. Nixon testified that Scheers was not totally disabled because of his mood or depression. Dr. Nixon also testified, however, that on the question of whether Scheers was totally disabled because of his pain, he (Dr. Nixon) would defer to the opinion of Scheers' treating physician, Dr. Mavrakakis.[11] Dr. Mavrakakis opined, however, that Scheers was capable of sedentary work.[12] Moreover, the other medical testimony, all summarized in the Board's Decision, supports the Board's determination that Scheers was partially—but not totally—disabled.[13]

Because the Board's determination is supported by substantial evidence, the Superior Court did not err in upholding that determination.

### B. The Claim That The Board Erred By Not Awarding Appellant Two Attorney's Fees

Scheers' second claim attacks the sufficiency of the Board's award of attorney's fees to him. To understand this argument, some background is helpful. The Board awarded Scheers one attorney's fee, reasoning as follows:

Claimant's attorney attested that he spent twenty-three hours preparing for the hearing, which lasted approximately four hours. His first contact with Claimant was on January 15, 1997. Claimant's attorney has been practicing law in Delaware for over thirty-five

---

7. *Olney v. Cooch,* 425 A.2d 610 (Del.1981), quoting *Consolo v. Federal Maritime Comm'n,* 383 U.S. 607, 86 S.Ct. 1018, 16 L.Ed.2d 131 (1966).

8. *Alcoholic Beverage Control Comm'n v. Newsome,* 690 A.2d 906 (Del.1996).

9. *A. Mazzetti & Sons, Inc. v. Ruffin,* 437 A.2d 1120 (Del.1981).

10. Indeed, the Board summarized Dr. Nixon's testimony in its Opinion. See note 2 *supra* at pages ————.

11. On cross examination, Dr. Nixon was asked:

Mr. Frabizzio: If I were to tell you that Dr. Mavrakakis, who testified...that she thought that Mr. Scheers could work in some capacity based on his physical condition and pain would you have any disagreement with that?
Dr. Nixon: No, I would defer to her opinion there.
Hearing Transcript at p. 70–71 (*see* A–80–81).

12. Hearing Transcript at p. 103 (*see* A–113).

13. *See* Board Decision, *Supra* note 2 at pages 2–8.

years. Based on these factors, and on the results obtained, the Board awards one attorneys' fee in the amount of thirty percent of the award or $7036.50, whichever is less.[14]

The aggregate amount of Scheers' partial disability award was $108,558.92. The amount of medical expenses awarded was $9,056.03. Because thirty percent of the sum of these two awards exceeds $7,036.50,[15] the effect of the Board's decision was to award $7,036.50 in attorney's fees.

Scheers claimed in the Superior Court, as he does here, that the Board awarded the $7,036.50 attorney's fee on only the partial disability award, but was also required to award a separate fee on the medical expenses award. Had the Board done that, Scheers contends, the attorney's fee award would have been increased by an additional $2,716.81 (30% of $9,056.03).

■ Both sides take the position that the standard by which this claim must be reviewed is whether the single fee award is supported by substantial evidence. Our decisions indicate, however, that for this purpose the appropriate review standard is whether, in awarding a single attorney's fee under 19 *Del. C.* § 2320(10), the Board abused its discretion.[16]

■ Delaware law clearly requires the Board to allow an attorney's fee for each separate award of compensation.[17] In its Order affirming the Board, the Superior

Court acknowledged this requirement, but concluded that even though the Board had expressed the award as a single attorney's fee, the Board apparently concluded that the fee actually granted was sufficient to encompass both compensation awards. The Superior Court stated:

> The Board could easily have expressed the award as two fees, with substantially all of the fees attributed to the partial disability compensation and a nominal amount attributed to the medical expense compensation. Under these circumstances, I am not persuaded that the Court should find error in the manner in which the Board acted in this particular case.[18]

Our difficulty with this approach is that the Board's Decision does not clearly and unambiguously disclose how the attorney's fee award was determined. Although the Board did take into account all of the attorney's time expended in representing Scheers in this matter (consistent with an allowance of two fees expressed as a single award), it awarded only a single fee (equally consistent with a fee allowance for only one compensation award). Thus, it is unclear from the record whether the Board intended to (and did) award two separate attorney's fees (expressed as a single award) based on both compensation awards, or whether it intended to (and did) award a single attorney's fee based solely on the disability compensation award. The difference is critical because the meth-

---

14. *Id.,* at 14 (citation omitted).

15. $108,558.92 + $9056.03 = $117,694.95 × 30% = $35.284.49. The $7,036 award was the statutory maximum for a single attorney's fee at that time. 19 *Del. C.* § 2320(10).

16. *General Motors Corp. v. Burgess,* 545 A.2d 1186, 1194 (Del.1988).

17. *Simmons v. Delaware State Hospital,* 660 A.2d 384, 391–392 (Del.1995) (holding that the Board must award attorney's fees for each issue that is subject to an attorney's fee award).

18. *Scheers v. Indep. Newspaper,* 2003 WL 1888842, at *4, 2003 Del.Super. Lexis 127 at *10–11.

odology used by the Board could affect the validity of the fee award.[19] Here, the record was not sufficient for the Superior Court to conclude that the Board intended to award two attorney's fees expressed as a single award. The record is, for that reason, also insufficient for this Court to determine whether or not the Board's award of attorney's fees is legally correct. Accordingly, the case must be remanded to the Superior Court, which shall remand the case to the Board to make the predicate findings necessary to enable both Courts to determine the legal correctness of the attorney's fee award.

19. *General Motors Corp. v. Burgess, supra.*

## III. CONCLUSION

For the foregoing reasons, the Order of the Superior Court is affirmed to the extent it upholds the Board's award of partial disability compensation. The case is remanded to the Superior Court for further proceedings, limited to the attorney's fee issue, consistent with this Opinion.